IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02132-M-RJ

TODD GIFFEN, )
)
Petitioner, )
)
v. ) ORDER
)
WARDEN FMC BUTNER, )
)
Respondent. )

On June 20, 2023, an "Emergency Writ of Habeas Corpus 2241 [sic]," Pet. [D.E. 1], and an "application to proceed *in forma pauperis* and motion to appoint counsel [sic]," Mot. [D.E. 2], were filed on behalf of Todd Giffen ("petitioner"), a civil detainee at F.M.C. Butner. Motions for emergency relief and to supplement were filed subsequently. See [D.E. 4, 5, 6, 7, 8, 9, 10].

On February 8, 2024, the court, *inter alia*: noted the petition was not filed on the forms prescribed for the use by the court and that various filings appear to have been prepared by another individual; directed petitioner to refile his petition on the correct forms; cautioned petitioner that the court would not recognize filings made by anyone on petitioner's behalf unless the filer is a licensed attorney; and warned petitioner that, if he failed to comply with the court's order, the action would be dismissed without prejudice for failure to prosecute. See Order [D.E. 11].

On February 27, 2024, petitioner filed a self-styled "emergency motion to add respondents, stay, and request for extra time to refile habeas petition in court prescribed form, reconsideration of request I refile on court forms, and request for general relief [sic]." Mot. [D.E. 14]. Petitioner argues, *inter alia*: the court's requirement that he refile his petition on the forms prescribed for use by the court is wrong and violates the Federal Rules of Civil Procedure; the court should liberally

construe his filings; he has provided the requisite information and the court could "look up" information regarding his civil commitment; the court can issue the writ and grant discovery; the court should "read [his] grounds for relief by liberally construing [his] habeas corpus and supplemental petitions [sic]"; he has "proven [he] received no proper notice or hearing, or appeal, prior to [his] commitment" such that his "commitment is void"; he disagrees with the representations of his attorney in his civil commitment case and contends that this attorney is not fulfilling their agency relationship; he seeks a stay while he revises his habeas petition for resubmission; he seeks a 90-day extension as well as access to "a laptop, cellphone, internet, mail, efile, PACER, law library access, and a lawyer to ensure [he] can comply [sic]"; and the "respondent list [sic]" should be updated to include "Joe Biden U.S. President, Federal Medical Center Rochester Warden, Federal Medical Center Butner Warden, U.S. Attorney General Merrick Garland, United States, U.S. District Court Raleigh 5:22-HC-2006, U.S. District Court of Chicago 1:18-cr-00749, U.S. District Court Oregon 6:18-mj-236 [sic]." Id. at 1–5.

Discussion:

As an initial matter, because petitioner has paid the filing fee, the court DENIES AS MOOT that aspect of his pending motion seeking to proceed *in forma pauperis* [D.E. 2].

Next, the court considers petitioner's assertions that he should be appointed counsel due to his indigence and incompetency. See Mot. [D.E. 2]; Mot. [D.E. 14]. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). Because petitioner fails to demonstrate the requisite "exceptional circumstances" for appointment of counsel, cf. id., the court DENIES these aspects of petitioner's pending motions [D.E. 2, 14].

2

Next, as noted in the prior order, the court does not accept filings made on petitioner's behalf unless the filer is a licensed attorney. See Order [D.E. 11]. Neither petitioner's motion in response to this order nor his earlier filings indicate that the individual who prepared motions on his behalf, John David Porter, is a licensed attorney. Accordingly, the court DENIES WITHOUT PREJUDICE the motions apparently prepared by John David Porter [D.E. 4, 5, 6, 8, 9, 10].

Next, the court considers petitioner's lingering self-styled "emergency motion for relief and supplemental case law brief [sic]." Mot. [D.E. 7]. Petitioner argues he has a longer brief he'd like to file but cannot do so without law library access. Id. at 1. Petitioner further discusses the exhaustion requirement and contends that his petition "may be interpreted as injunction / etc as last resort [sic]." Id. Although his meaning is somewhat unclear, the court GRANTS IN PART this motion [D.E. 7] to the extent that allowing him a 90-day extension of time to refile his petition on the correct forms satisfies his request but DENIES this motion in all other respects.

Next, because petitioner now is detained at F.M.C. Rochester, the warden of that facility is the proper respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004); Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011). The court GRANTS IN PART this aspect of petitioner's motion [D.E. 14] to the extent he seeks to substitute as respondent the Warden of F.M.C. Rochester but DENIES the motion to the extent he seeks to include additional respondents.

Next, contra petitioner's arguments, the court's requirement that he refile his petition on the forms prescribed for use by the court comply with the applicable habeas rules. See Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."), Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not

3

inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Also, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)); see Clack v. Rappahannock Reg'l Staff, 590 F. App'x 291, 291–92 (4th Cir. 2015) (per curiam) (unpublished). Although "entitled to some deference" as a *pro se* litigant, petitioner still must abide by court rules and orders. Ballard, 882 F.2d at 96.

Next, to the extent petitioner seeks injunctive relief, because he fails to demonstrate a likelihood of success on the merits, extraordinary circumstances, clear entitlement to the relief, or that he is likely to suffer irreparable harm in the absence of injunctive relief, the court DENIES this aspect of his motions [D.E. 7, 14]. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting the Supreme Court has rejected the standard allowing a movant "to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." (quotation omitted)), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); see also Lewis v. Casey, 518 U.S. 343, 351–52 (1996) (noting prisoners lack an "abstract, freestanding right to a law library or legal assistance"); Taylor v. Freeman, 34 F.3d 266, 268–269 (4th Cir. 1994) (noting courts only issue injunctive relief as to prison management in extraordinary circumstances).

Finally, the court GRANTS IN PART that aspect of petitioner's motion seeking a 90-day extension of time to refile his petition [D.E. 14]. The court, however, WARNS petitioner that

4

any amended petition must 1) be filed on the forms prescribed for use by the court, 2) be filed only by petitioner or a licensed attorney, and 3) comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This amended petition also will be considered his petition in its entirety as the court declines petitioner's invitation to scour his various prior filings to hunt for potentially cognizable habeas issues.

Conclusion:

For the reasons discussed above, the court: DENIES AS MOOT that aspect of the motion seeking to proceed *in forma pauperis* [D.E. 2]; DENIES those aspects of the motions seeking appointment of counsel [D.E. 2, 14]; DENIES WITHOUT PREJUDICE the motions apparently prepared by John David Porter [D.E. 4, 5, 6, 8, 9, 10]; GRANTS IN PART petitioner's motions [D.E. 7, 14] to the extent that he seeks an extension of time to refile his petition on the forms prescribed for use by the court and to substitute as the respondent the Warden of F.M.C. Rochester but DENIES these motions [D.E. 7, 14] in all other respects; DIRECTS the clerk to re-send petitioner the forms prescribed for use by the court for filing a § 2241 habeas petition; DIRECTS the clerk to substitute as the respondent the Warden of F.M.C. Rochester; DIRECTS petitioner to refile his amended petition, as specified above, on the correct forms within ninety (90) days from the date of this order; and WARNS petitioner that, if he fails to comply with this order in the time provided, the court will dismiss the action without prejudice for failure to prosecute.

SO ORDERED this 28th day of February, 2024.

RICHARD E. MYERS II
Chief United States District Judge

Case 5:23-hc-02132-M-RJ   Document 15   Filed 02/28/24   Page 5 of 5